**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| MARCELO HERNANDEZ | * |
| | *    COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *    JURY TRIAL DEMANDED |
| MIDLAND CREDIT MANAGEMENT | * |
| | * |
| Defendant | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

**PARTIES**

4. Plaintiff is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Midland Credit Management ("MCM") is a subsidiary of Encore Capital Group and a debt collection company with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego CA 92123. Defendant MCM is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it company collecting a consumer debt allegedly owed by Plaintiff

**FACTUAL ALLEGATIONS**

6. In May of 2007, Plaintiff incurred a financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, credit card from HSBC Bank Nevada, N.A. ("HSBC").

7. On June 28, 2011, the Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland docketed as Case Number **11-23343**.

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt in the amount of $5,719.00 was listed in favor of "Midland Credit Management" for a debt originally owed to HSBC Bank Nevada, N.A. The debt was for an account number ending in 0363. A copy of the filed Schedule F is attached as **Exhibit A**.

9. At some point, HSBC sent the debt was sent to Defendant to collect on this debt from Plaintiff.

10. On or about July 1, 2011, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiff's bankruptcy to all creditors, including Defendant, as well as the certain reporting services such as AACER and BANKO. A copy of this certification is attached as **Exhibit B**.

10. The § 341 Meeting of Creditors was held on August 2, 2011 in Greenbelt, Maryland. Neither MCM nor HSBC made an appearance at this hearing.

12. On or about August 11, 2011, after ignoring the Court's notice and failing to do any due diligence on whether Plaintiff filed a bankruptcy, Defendant sent a letter to Plaintiff in an attempt to collect on the debt owed to HSBC; the account number on this letter matched the account described in paragraph 8 of this Complaint.

13. A copy of this letter is attached as **Exhibit C.** This letter was a communication, as defined by 15 U.S.C. § 1692a(2).

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

   (1) The plaintiff has been the object of collection activity arising from consumer debt;
   (2) The defendant is a debtor collector as defined by the FDCPA; and
   (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

16. Here, all elements are present, satisfied, and cannot be disputed.

17. The Honorable Judge Easterbrook wrote in *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004) that, "A demand or immediate payment while a debtor is in bankruptcy or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."

18. Therefore Defendant's aforementioned attempt to collect on a debt that Plaintiff included in his bankruptcy was a false statement to the Plaintiff, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), e(10).

19. Plaintiff had filed bankruptcy specifically to gain relief from his creditors and to stop these kinds of collection efforts.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

### TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 29th day of August, 2011;
MARCELO HERNANDEZ

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com